UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------X

JAMARR FOWLER,

**MEMORANDUM AND ORDER**

           Plaintiff,

13-CV-2372(KAM)(RML)

   -against-

CITY OF NEW YORK, et al.,

           Defendants.

-------------------------------------X

**MATSUMOTO, United States District Judge:**

Plaintiff Jamarr Fowler brings this action pursuant to
42 U.S.C. § 1983 against defendants the City of New York
("City"), the New York City Department of Correction ("DOC"),
and seven New York City Department of Correction officers and
captains named in their individual and official capacities:
Correction Officer ("C.O.") Baccortte, C.O. Smith, C.O. Harris,
C.O. Phillip, Correction Captain ("Captain") Presley, Captain
Dunbar, and Captain Blassingame (collectively, the "individual
defendants").  (*See generally* ECF No. 1, Complaint dated
4/18/2013 ("Compl.").)  Plaintiff alleges violations of his
constitutional rights based on a series of physical assaults by
the individual defendants that he claims took place on April 21,
2010 and April 22, 2010 while he was an inmate on Rikers Island.

1

Defendants have moved:  (1) to dismiss all claims against the individual defendants pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve process, and (2) for judgment on the pleadings pursuant to Rule 12(c) for failure to state a claim against the City and DOC.  Plaintiff, who is represented by counsel, has separately moved for an extension of time to complete service of process on the individual defendants, which the City opposes.

Despite the very troubling allegations of the Complaint, for the reasons that follow, plaintiff's claims against the individual defendants are dismissed pursuant to Rule 4(m) for failure to serve process, and defendants' motion for judgment on the pleadings against the City and DOC is granted. Plaintiff's motion for an extension of time to effect proper service is denied as moot.

## Background

The following facts are taken from the Complaint and are assumed to be true for purposes of defendants' motion for judgment on the pleadings.  Plaintiff was an inmate on Rikers Island in April 2010.  (Compl. ¶ 9.)  On April 21, 2010, plaintiff was transferred by bus between two facilities located on Rikers Island – from the North Infirmary Command ("NIC") to the George R. Vierno Center ("GRVC").  (*Id*. ¶ 11.)  Correction

Officers Baccortte and Smith were assigned to transfer plaintiff. (*Id.* ¶ 12.) After the bus reached the GRVC, plaintiff alleges that Captain Dunbar boarded the bus, hit plaintiff with a radio, and ordered Captain Smith to mace plaintiff while he was handcuffed. (*Id.* ¶¶ 13-15.) Correction Officer Baccortte then put plaintiff in a "choke hold" while Captains Presley and Dunbar "assaulted" plaintiff. (*Id.* ¶¶ 16-17.) According to plaintiff, someone pressed an emergency response button during this incident, which caused additional, unidentified correction officers to respond to the scene. (*Id.* ¶ 18.) The responding correction officers dragged plaintiff off the bus and "joined in the assault" by kicking and punching plaintiff. (*Id.*) After the incident, plaintiff was placed in a cell at GRVC for 45 minutes, then taken by ambulance to the hospital with "bruise[s] throughout his body." (*Id.* ¶¶ 20-21.)

The next day, April 22, 2010, plaintiff was released from the hospital and brought back to the GRVC. (*Id.* ¶ 22.) Upon his return, plaintiff alleges that C.O. Harris verbally threatened him and "used his cane to push [plaintiff] to the floor." (*Id.* ¶ 24.) While he was on the floor, C.O. Phillips, "Corrections Captain Blassing" [sic] and a third, unidentified "Corrections Captain" entered plaintiff's cell, assaulted him, and left him handcuffed in his cell. (*Id.* ¶¶ 25-26.) Plaintiff

alleges that "after some time had passed," C.O. Phillips and
C.O. Harris returned to plaintiff's cell and assaulted him
again.  (*Id.* ¶ 27.)  During this assault, plaintiff claims that
C.O. Phillips held down plaintiff while C.O. Harris "pulled down
[plaintiff's] pants and then sodomize [sic] Jamarr Fowler with a
battery in his rectum."  (*Id.* ¶ 28.)  Plaintiff alleges the
officers then left him in his cell "until the next shift of
officers came on," at which point he was given medical attention
"where the doctor found a battery inside of Jamarr Fowler."
(*Id.* ¶¶ 29-30.)

Based on the foregoing, plaintiff asserts a cause of
action for cruel and unusual punishment under 42 U.S.C. § 1983
against the individual defendants (Compl. ¶¶ 34-35), and against
the City and DOC under a theory of *respondeat superior*.  (*Id.* ¶
32.)  Although not entirely clear from the face of the
Complaint, plaintiff also appears to assert a § 1983 claim
against the City and DOC for the "careless and reckless" hiring,
retention, training, and supervision of the individual
defendants.  (*Id.* ¶¶ 38-40.)

## Procedural History

Plaintiff commenced this action on April 18, 2013.
Upon filing the Complaint, plaintiff did not obtain signed and
sealed summonses from the Clerk of Court for service on each

defendant pursuant to Fed. R. Civ. P. 4(b).  (*See* ECF No. 1,

Complaint; *see also* Fed. R. Civ. P. 4(b) ("On or after filing

the complaint, the plaintiff may present a summons to the clerk

for signature and seal. If the summons is properly completed,

the clerk must sign, seal, and issue it to the plaintiff for

service on the defendant.").)  The Clerk of Court accordingly

stamped "NO SUMMONS ISSUED" across the front of the civil cover

sheet attached to, and filed with, the Complaint.  (*See* ECF No.

1-1, Civil Cover Sheet.)  The docket sheet for this matter

reveals that no summons has issued for any defendant.

    The City and DOC answered the Complaint on August 24,

2013.  (*See* ECF No. 6, Answer.)[1]  Plaintiff and the City

---

[1] The City and DOC answered the Complaint even though it appears that they, like the individual defendants, were never properly served.  In response to the court's 1/29/15 order, plaintiff's counsel purported to file an affidavit of "service" on the City.  (*See* ECF No. 19, dated 1/30/2015, "SUMMONS Returned Executed by Jamarr Fowler. The City of New York served on 4/18/2013".)  That document, ECF No. 19, is actually an affidavit of "service" for the individual defendants (albeit an improper affidavit of service because summonses were not served with the Complaint, as discussed below).  Thus, plaintiff's counsel never filed an affidavit of service of process for the City.  Moreover, no summons was ever issued by the Clerk of Court for the City or DOC, meaning plaintiff has not satisfied Rule 4(c)(1)'s requirement that "[a] summons must be served with a copy of the complaint." Nevertheless, defendants do not raise insufficient service of process as grounds for dismissal of the claims against the City and DOC.  Even if the City and DOC did raise insufficient service of process, they waived any improper service objections by answering the Complaint and otherwise actively participating in this case.  *See, e.g., Kidder, Peabody & Co., Inc. v. Maxus Energy Corp.*, 925 F.2d 556, 562 (2d Cir. 1991) (finding defendant "participated fully in the proceedings and therefore waived any objections to lack of service of process"); *Datskow v. Teledyne, Inc.*, 899 F.2d 1298, 1303 (2d Cir. 1990) (rejecting objections to improper service based upon defendants' participation in suit, including filing an answer, prior to objecting to improper service).

proceeded with fact discovery for the next 16 months. Proper affidavits of service of process still do not appear on the docket, the individual defendants have not answered the Complaint, and defense counsel did not appear on their behalf.

On January 13, 2015, the City filed a letter requesting the court's permission to move to dismiss the case based on, *inter alia*, plaintiff's failure to serve the individual defendants within 120 days of filing the Complaint, as required by Rule 4(m).[2] (*See* ECF No. 11, Motion for Pre-Motion Conference by the City.) In a January 26, 2015 letter to the court responding to defendants' pre-motion conference request, plaintiff's counsel admitted that the individual defendants were not served within Rule 4(m)'s 120-day time limit because "I did not use a professional process server therefore, the individual defendant's [sic] were not served." (*See* ECF No. 12, Plaintiff's Letter Regarding Defendant's Motion Request dated 1/26/15.) The January 26, 2015 letter from plaintiff's counsel further stated that "I discovered the error about one (1) year ago and hired a professional process server to serve the individual defendants. As of 11 months ago they either

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure was amended, effective December 1, 2015, to require service within 90 days of the filing of the complaint, the court will apply the more generous 120-day time limit in effect at the time the action was commenced and the instant motions were fully submitted.

served them or completed due diligence affidavits.  The process
will be completed shortly."  (*Id.*)

On January 29, 2015, following a pre-motion conference
to discuss the defendants' anticipated motion to dismiss, the
court ordered plaintiff to file declarations of service and/or
due diligence for the individual defendants within one day.
(*See* Minute Entry dated 1/29/2015.)

The next day, January 30, 2015, plaintiff filed
affidavits of "service" for Captains Blassingame, Presley, and
Dunbar and affidavits of due diligence for C.O. Harris, C.O.
Smith, and C.O. Phillip.  (*See* ECF Nos. 13-18.)[3]  Plaintiff's
counsel titled the affidavits of service "SUMMONS Returned
Executed by Jamarr Fowler" when he filed the affidavits on the
docket.  (*Id.*)  However, consistent with plaintiff's failure to
present summonses to the Clerk of Court for issuance to each
defendant, the affidavits of "service" show that the process
server did not actually deliver or mail a summons with the
Complaint to Captains Blassingame, Presley, or Dunbar.  (*Id.*)
Instead, the signed and sworn affidavits of "service" state that
on January 29, 2014, the process server delivered a "CIVIL COVER
SHEET AND JURY TRIAL DEMANDED"[4] at defendants' usual place of

---

[3] Plaintiff did not file an affidavit of service and/or due diligence for the
seventh individual defendant, C.O. Baccortte, on January 30, 2015.

[4] "JURY TRIAL DEMANDED," as used in the affidavits of service, presumably

business[5] and sent a copy of those documents to the same addresses by first class mail.  (*See* ECF No. 13-15.)  Summonses were not served; nor could they have been, given that summonses were never issued by the Clerk of Court.

Similarly, the affidavits of due diligence for C.O. Harris, C.O. Smith, and C.O. Phillip indicate that on January 24, 2014, the process server unsuccessfully attempted to serve Officers Harris, Smith, and Phillip with a "CIVIL COVER SHEET AND JURY TRIAL DEMANDED" (i.e., the civil cover sheet and Complaint) at the New York City Department of Corrections facility located at 75-20 Astoria Blvd, East Elmhurst, NY.  (*See* ECF Nos. 16-18.)  The affidavits of due diligence state that additional information, such as shield number or first name, was necessary to serve Harris, Smith, and Phillip.  (*Id.*)

On March 13, 2015, plaintiff filed a letter to the court stating that the court "ordered that the Plaintiff file all affidavits of service/affidavits of due diligence regarding the individual defendants by January 30, 2015.  The Plaintiff complied."  (ECF No. 20, Motion for Extension to File

refers to the Complaint filed in this action.  The Complaint features the phrase "JURY TRIAL DEMANDED" in capital letters on the upper right side of the first page; it is not titled "Complaint."  (*See* ECF No. 1, Compl.)

[5] The affidavits of service specify service for Captain Blassingame at the Manhattan Detention Complex at 125 White Street, New York, NY, and for Captains Presly and Dunbar at the GRVC at 09-09 Hazen Street on Rikers Island.  (*See* ECF Nos. 13-15.)

Response/Reply dated 3/13/15.)  In fact, plaintiff did not comply with the court's January 29, 2015 order because plaintiff's counsel did not file an affidavit of service or due diligence for C.O. Baccortte and, more significantly, the affidavits of "service" that plaintiff's counsel *did* file reveal that Captains Blassingame, Presley, and Dunbar were not served with a summons as required by Federal Rule of Civil Procedure 4(c)(1).

On March 25, 2015, plaintiff filed affidavits of "service" for two additional defendants, C.O. Harris and C.O. Phillip.  (*See* ECF Nos. 21-22.)  Although plaintiff's counsel again filed the affidavits on the docket as "SUMMONS Returned Executed," the affidavits themselves, like the earlier affidavits of "service" for Captains Blassingame, Presley, and Dunbar, reflect that C.O. Harris and C.O. Phillip were only served with a "JURY TRIAL DEMANDED, CIVIL COVER SHEET" (the Complaint and civil cover sheet) and not served with summonses. (*Id.*)  Plaintiff's counsel also filed an affidavit of due diligence for retired C.O. Baccorette (or Bacote)[6] on March 25, 2015, two months after the court's order to do so.  (*See* ECF No. 23.)

---

[6] The affidavit of due diligence states that the process server attempted to serve "Correction Officer Fletcher Bacote" on February 11, 2015.

On March 27, 2015, defendants filed their motion to dismiss the individual defendants for lack of service pursuant to Rule 4(m) and motion for judgment on the pleadings as to plaintiff's claims against the City and DOC.  (ECF No. 25, Motion for Judgment on the Pleadings ("Def. Mot.").)  On the same day, plaintiff filed a motion for an extension of time to complete service of process on the individual defendants.  (ECF No. 31, Motion for Extension of Time to File Affidavits of Service ("Pl.'s Mot.").)  Because plaintiff contends, erroneously, that "[f]ive (5) of the six (6) individual defendants have been served in this case"[7] he apparently seeks leave to serve only one individual defendant, who is not identified in plaintiff's motion papers.  (*See* ECF No. 35, Reply in Support of Motion for Extension of Time to File Affidavits of Service ("Pl.'s Reply") at 5.)

## Discussion

The court will first address the insufficient service of process issue because "[b]efore a federal court may exercise jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *Omni Capital Int'l, Inc. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  The court will

---

[7] The court notes that the Complaint includes claims against seven individual defendants.

then turn to the defendants' Rule 12(c) arguments.  Plaintiff's
motion for an extension of time to serve one unidentified
individual defendant will be addressed with the individual
defendants' motion to dismiss for insufficient service of
process.

## I.    Rule 4(m) Motion Against the Individual Defendants

Federal Rule of Civil Procedure 4(c)(1) requires that
"a summons must be served with a copy of the complaint."
Service must be completed within 120 days of the filing of the
complaint.  Fed. R. Civ. P. 4(m).  The "plaintiff bears the
burden of proving adequate service." *Burda Media, Inc. v.
Viertel*, 417 F.3d 292, 298 (2d Cir. 2005) (citation omitted).
The plaintiff must, "through specific factual allegations and
any supporting materials, make a prima facia showing that
service was proper." *Kwon v. Yun*, No. 05-cv-1142, 2006 WL
416375, at *2 (S.D.N.Y. Feb. 21, 2006).  The court may "look to
matters outside the complaint to determine whether it has
jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*,
191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002).

Here, the record is clear that plaintiff has not
effectuated proper service of process at all, much less within
the 120-day period prescribed by Federal Rule of Civil Procedure
Rule 4(m).  As explained above, the docket reflects that

plaintiff did not present proposed summonses to, or obtain
summonses from, the Clerk of Court.  Plaintiff also has not
filed proof of proper service.  *See* Rule 4(l)(1) ("Unless
service is waived, proof of service must be made to the court.")
More than two and a half years after the filing of the Complaint
on April 18, 2013, the docket shows that plaintiff's counsel
still has not presented proposed summonses to the Clerk and,
accordingly, no summonses have issued.  Plaintiff's failed
attempts at service did not even begin until plaintiff's counsel
hired a professional process server in January 2014, more than
six months after the Complaint was filed and well past Rule
4(m)'s 120-day service window.

When a defendant has not been timely served, Rule 4(m)
"governs both (1) the dismissal of actions for untimely service
of process and (2) extensions of the time in which service may
be effected."  *Zapata v. City of New York*, 502 F.3d 192, 195 (2d
Cir. 2007).  Under Rule 4(m),

> [i]f a defendant is not served within 120 days after
> the complaint is filed, the court – on motion or on
> its own after notice to the plaintiff – must dismiss
> the action without prejudice against that defendant or
> order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure,
> the court must extend the time for service for an
> appropriate period.

Fed. R. Civ. P. 4(m).  In determining whether a plaintiff has
shown "good cause" for failure to effectuate timely service,

courts consider (1) the reasonableness and diligence of
plaintiff's efforts to serve process, and (2) the prejudice to
the defendants from the delay. *See Micciche v. Kemper Nat'l
Servs.*, 560 F. Supp. 2d 204, 209 (E.D.N.Y. 2008). "Good cause
is generally found only in exceptional circumstances where the
plaintiff's failure to serve process in a timely manner was the
result of circumstances beyond [his] control." *Beauvoir v. U.S.
Secret Serv.*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006) (quoting *Eastern
Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187
F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks
omitted)).

Plaintiff has failed to articulate any exceptional
circumstances warranting a finding of "good cause" for failure
to timely serve the individual defendants. The only
justification plaintiff offers – that plaintiff's counsel did
not use a professional process server until after the Rule 4(m)
deadline had passed – is neither exceptional nor a circumstance
beyond his control. *See Abreu v. City of New York*, 657 F.
Supp. 2d 357, 362 (E.D.N.Y. 2009) ("Counsel's apparent
inadvertence or neglect cannot constitute good cause for an
extension and does not excuse the failure of service here.").
Even after he enlisted the help of a professional process
server, plaintiff's counsel did not arrange for *proper* service

(i.e., service of a summons with the Complaint). "A mistaken belief that service was proper is not good cause under Rule 4(m)." *Yaxin Jing v. Angel Tips, Inc.*, No. 11-cv-5073, 2013 WL 950585, at *3 (E.D.N.Y Mar. 11, 2013).

Where, as here, a plaintiff fails to make a showing of good cause, district courts still have discretion to grant an extension of time for service. *See Zapata*, 502 F.3d at 196; *see also Deluca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 67 (S.D.N.Y. 2010) ("A Court has discretion to grant an extension to serve process even absent a showing of good cause."). In determining whether to exercise such discretion, courts consider the following factors: "(1) whether statutes of limitations would bar the refiling of this action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; (4) whether the defendant would be prejudiced by extending the time for service." *Demott v. Bacilious*, No. 11-cv-6966, 2012 WL 601074, at *8 (S.D.N.Y. 2008); *see also Carroll v. Certified Moving & Storage, Co.*, No. 04-cv-4446, 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005).

First, the parties do not dispute that the three-year statute of limitations applicable to § 1983 actions under New York law, s*ee Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d

Cir. 2002), would bar the refiling of claims against the individual defendants.  Plaintiff alleges his constitutional rights were violated on April 21 and 22, 2010.  He filed the Complaint on April 18, 2013, four days before the statute of limitations expired.  Thereafter, the four days remaining on the limitations period were tolled during the 120-day period for service under Rule 4(m).  *See Ocasio v. Fashion Inst. Of Tech.*, 9 Fed. Appx. 66, 68 (2d Cir. 2001); *Frasca v. United States*, 921 F.2d 450, 453 (2d Cir. 1990).  After the 120-day tolling period expired on August 16, 2013, the limitations period started again and expired on August 20, 2013.  Therefore, although dismissal of claims against the individual defendants formally would be without prejudice, it effectively would result in dismissal with prejudice because any newly filed claims would be time-barred.

The Second Circuit has directed that:

> where, as here, good cause is lacking, but the dismissal
> without prejudice in combination with the statute of
> limitations would result in dismissal *with* prejudice, we
> will not find an abuse of discretion in the procedure used
> by the district court, so long as there are sufficient
> indications on the record that the district court weighed
> the impact that a dismissal or extension would have on the
> parties.

*Zapata*, 502 F.3d at 197.  Accordingly, the court will weigh the significant consequences of dismissing plaintiff's claims pursuant to Rule 4(m) against plaintiff's counsel's repeated and ongoing disregard of the procedural requirements for service.

15

Two factually similar cases cited by defendants, *Zapata* and
*Harper v. City of New York*, 424 Fed. App'x 36 (2d Cir. 2011),
are instructive. (*See* ECF No. 30, Defendant's Opposition to
Plaintiff's Motion for Extension of Time to Complete Service, at
4-5.)

In *Zapata*, plaintiff claimed to have been assaulted by
a police officer and brought § 1983 claims against the City and
the officer.  502 F.3d at 193-94.  The plaintiff failed to serve
the officer until four days after the expiration of the 120-day
period for service under Rule 4(m).  *Id.* at 194.  The Second
Circuit affirmed the district court's decision to dismiss
plaintiff's claims where the statute of limitations had run but
plaintiff "had made no effort to effect service within the
service period, neglected to ask for an extension within a
reasonable time, and . . . advanced no cognizable excuse for the
delay.  *Id.* at 199.

Here, plaintiff's counsel, as in *Zapata*, made no
effort to serve defendants within the 120-day service period,
allowed the statute of limitations to expire before any attempt
at service, and concedes that "[i]t was an oversight on the
attorney's part that the individual Defendants were not served."
(Pl.'s Mot. at 4-5.)  It was not until after the City sought to
move to dismiss the claims against the individual defendants and

the court held a pre-motion conference to address service issues
that plaintiff's counsel requested an extension of time to
perfect service.  Most troublingly, unlike the plaintiff in
*Zapata*, who served the individual defendants only four days
after the Rule 4(m) deadline, here plaintiff's counsel *never*
properly served any of the individual defendants.  Even now,
plaintiff's counsel mistakenly insists that "five of the six
individual defendants were served in this case,"[8] despite no
summons ever issuing from the Clerk of Court and being served on
any defendant.  (*See* Pl.'s Reply at 5.)

    In *Harper*, plaintiff sued the City and six
individually named police officers for a series of alleged
assaults.  *See* 424 Fed. App'x at 37-38.  Plaintiff failed to
effect proper service within 120 days of filing the complaint
and the statute of limitations barred refiling of claims against
two of the officers.  *Id*. at 40-41.  The Second Circuit affirmed
the district court's Rule 4(m) dismissal of claims against the
officers after recounting "a troubling pattern of carelessness"
by Harper's counsel similar to that at issue here.  *Id*.
Harper's counsel, like plaintiff's counsel, failed to arrange
for summonses to be issued from the Clerk of Court, failed to
serve the individual defendants with both a summons and

---

[8] As discussed *supra* note 5, plaintiff has sued seven individual defendants.

complaint, and let the statute of limitations run for claims against individual officers. *Id*. at 40-41.

This court recognizes that ordinarily, "the fact that the statute of limitations has run on a plaintiff's claim [i]s a factor favoring the plaintiff in a Rule 4(m) analysis." *AIG Managed Market Neutral Fund v. Askin Capital Mgmt.*, 197 F.R.D. 104, 109 (S.D.N.Y. 2000). In this instance, and despite the very serious allegations in the Complaint, counsel's ongoing disregard of the basic procedures required to effect proper service – and thereby confer personal jurisdiction over the individual defendants in this court – offsets any benefit in plaintiff's favor. As the Second Circuit found in *Zapata*, "in the absence of good cause, no weighing of the prejudices between the two parties can ignore that the situation is the result of plaintiff's neglect." 502 F.3d at 198.

The second discretionary factor in the Rule 4(m) analysis is whether the defendants had actual notice of plaintiff's claims. Plaintiff argues, without citing evidence in support, that the individual defendants must have had actual notice of plaintiff's claims because "Defendants could not comply with the discovery in this case without contacting the individual Defendants." (Pl.'s Mot. at 3.) In response, counsel for the City submitted a sworn declaration that he is

defendants' only counsel of record and did not communicate with the individual defendants "about the existence of this lawsuit." (ECF No. 26, Declaration of Brian Francolla dated 2/13/15.) The only evidence that could possibly establish that the individual defendants received notice of the claims against them is the affidavits of "service" that plaintiff attempted to serve in January 2014. But plaintiff admits this "service" did not occur until January 2014, approximately eight months after plaintiff filed the Complaint in April 2013, well past the 120-day period to serve process, and five months past the expiration of the statute of limitations in August 2013. Thus, the notice factor weighs against granting plaintiff an extension of time to serve the individual defendants.

The third factor, whether defendants attempted to conceal the defects in service, is inapplicable and thus does not favor granting plaintiff an extension. There is no evidence that the individual defendants knew about and attempted to conceal the defects in service. Plaintiff's argument that "Defendant failed to notify the Court of the defect in service" is unavailing. (Pl.'s Mot. at 5.) It is not "the role of the Court or an attorney on the case to alert a represented plaintiff about the defects in service." *Khanukayev v. City of New York*, No. 09-cv-6175, 2011 WL 5531496, at *5 (S.D.N.Y. Nov.

15, 2011); *see also Carl v. City of Yonkers*, 348 Fed. App'x 599, 601 (2d Cir. 2009) (finding "no rules that would apply in this case that require that a plaintiff be notified of failure to properly serve defendants").

The final factor, whether defendants would be prejudiced by extending time for service, favors dismissal. The *Zapata* court explained that prejudice "arises from the necessity of defending an action after both the original service period and the statute of limitations have passed before service." 502 F.3d at 198. Such prejudice exists here, as plaintiff has not effected proper service during the nearly two years this case was pending before defendants filed their motion to dismiss. This delay is similarly egregious to delays that have prompted courts to find prejudice and deny extensions of time to cure defective service. *See, e.g., Carl*, 348 Fed. App'x at 601 (nearly three-year delay after filing lawsuit); *Yaxin Jing*, 2013 WL 950585, at *3 (E.D.N.Y Mar. 11, 2013) (six-month delay); *Mused v. United States Dep't of Agric. Food & Nutrition Serv.*, 169 F.R.D. 28, 30–35 (W.D.N.Y. 1996) (one-year delay).

On balance, the foregoing factors counsel against granting an extension of time for service and weigh heavily in favor of dismissal. The court recognizes the very serious nature of the allegations against the individual defendants and

the judicial preference for adjudication of claims on their merits.  Nonetheless, "if the Rules are to mean anything, parties must diligently try to follow them and courts must enforce them, even if it means that cases must sometimes be finally determined on procedural grounds rather than on their substantive merits." *Mused*, 169 F.R.D. at 35.  The court thus grants defendants' Rule 4(m) motion to dismiss the claims against the individual defendants.  Plaintiff's motion for an extension of time to serve the individual defendants is denied as moot.

## II.  Rule 12(c) Motion by the City and DOC

Rule 12(c) allows parties to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial." Fed R. Civ. P. 12(c).  The standard to evaluate a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Hogan v. Fischer*, 738 F.3d 509, 514–15 (2d Cir. 2013).  A plaintiff must therefore plead facts sufficient "to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In applying that standard, a court must accept the complaint's factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Kirkendall v. Halliburton*, 707 F.3d

173, 178 (2d Cir. 2013). Although a court must assume the truth of factual allegations, it need not credit "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### A. Claims against the DOC

Plaintiff's claims against the DOC must be dismissed because the DOC is a non-suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C Admin. Code & Charter ch. 17 § 396 (2004). This provision has been construed to establish that "suits against the DOC are suits against a non-suable entity and are properly dismissed upon that basis." *Echevarria v. Dep't of Corr. Servs. of N.Y. City*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999); *see also Lopez v. Zouvelos*, No. 13-CV-6474 MKB, 2014 WL 843219, at *2 (E.D.N.Y.

Mar. 4, 2014) (dismissing all claims against the DOC as a non-suable entity); *Campbell v. New York City,* No. 12-CV-2179, 2012 WL 3027925, at *2 (E.D.N.Y. July 23, 2013) (same). Plaintiff's claims against the DOC are therefore dismissed with prejudice for failure to state a claim.

**B. Claims against the City of New York**

To state a claim for relief under § 1983 against a municipal defendant such as the City, a plaintiff must show (1) the existence of an adopted policy or custom that caused injury and (2) a direct causal connection between that policy or custom and the deprivation of a constitutional right. *See Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 694 (1978); *see also Cash v. Cnty. Of Erie*, 654 F.3d 324, 333 (2d Cir. 2011) ("[T]o establish municipal liability under § 1983, a plaintiff must prove that action pursuant to official municipal policy caused the alleged constitutional injury." (internal quotation marks and citation omitted)). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." *Jones v. Town of E. Haven*, 691 F.3d 72, 80 (2d Cir. 2012). Therefore, "isolated acts of excessive force by non-policymaking municipal employees are generally not sufficient to demonstrate a

municipal custom, policy, or usage that would justify municipal liability." (*Id*. at 81.)

Plaintiff's first cause of action alleges that the City is liable "under the principle of *respondent* [sic] *superior*" for the constitutional violations alleged against the individual defendants. (Compl. ¶ 32.) As noted, however, it is firmly established that a municipality cannot be held liable under 42 U.S.C. § 1983 for constitutional violations committed by its employees solely on the basis of *respondeat superior*. *See Ricciuti v. New York City Transit Authority,* 941 F.2d 119, 122 (2d Cir. 1991); *Matusick v. Erie Cnty. Water Auth.,* 757 F.3d 31, 62 (2d Cir. 2014) ("[A] municipality cannot be held liable for the conduct of employees under a *respondeat superior* theory.") Indeed, plaintiff's opposition to the City's motion for judgment on the pleadings concedes that "a municipality cannot be held liable under 42 U.S.C. § 1983 on a respondent [sic] superior theory . . . ." (ECF No. 34, Plaintiff's Memorandum in Opposition to Defendants' Motion for Judgement on the Pleadings, at 8.) Plaintiff's first cause of action against the City, based on *respondeat superior*, is therefore dismissed with prejudice for failure to state a claim.

Plaintiff's second claim against the City, for "careless and reckless" hiring and retaining of the individual

defendants, also must be dismissed.  Plaintiff alleges the City

"knew or had reason to know that the individually named

Defendants lacked the experience, deportment and ability" and

"mental capacity" to be employed by the City.  (Compl. ¶¶ 38-

40.)  But plaintiff does not connect the allegedly careless and

reckless hiring and retaining of the individual officers to an

official policy or custom of the City, as is required to

establish the City's liability under § 1983.  Moreover,

plaintiff does not even allege the existence of a custom or

policy that caused his injury, or any facts to suggest that the

City may have such a custom or policy.  *See, e.g., Harper*, 424

F. App'x at 39 (dismissing *Monell* claim against the City for

failure to state a claim where plaintiff did "not even provide

an indication of what the City's custom or policy to which he

was subjected consists of").  Accordingly, plaintiff's second

cause of action against the City fails to state a *Monell* claim.

Although plaintiff's opposition to the defendants'

Rule 12(c) motion does not request leave to amend the Complaint,

the Second Circuit has cautioned that "leave to amend 'shall be

freely given when justice so requires.'"  *McCarthy v. Dun &*

*Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (quoting Fed.

R. Civ. P. 15(a)).  Plaintiff therefore is granted leave to

amend the Complaint *only* as to his § 1983 claim against the City

for "careless and reckless" hiring and retention.  If plaintiff believes he has facts to allege a plausible claim for "careless and reckless" hiring and retention and intends to pursue a claim based on municipal liability, the amended complaint must be filed no later than January 15, 2016.  Failure to timely amend will result in dismissal of this claim with prejudice.

### Conclusion

For the foregoing reasons, defendants' Rule 4(m) motion to dismiss the claims against the individual defendants for failure to serve process is granted and all claims against the individual defendants are dismissed with prejudice. Defendants' Rule 12(c) motion for judgment on the pleadings against the City and DOC is also granted.  Plaintiff's claims against the DOC are dismissed with prejudice, as is plaintiff's claim against the City based on a theory of *respondeat superior*. Plaintiff's claim against the City pursuant to 42 U.S.C. § 1983 for "careless and reckless" hiring and retention is dismissed without prejudice.  Plaintiff shall have until January 15, 2016 to file an amended complaint **solely** as to this claim. Plaintiff's motion for an extension of time to effect proper service on the individual defendants is denied as moot.

**SO ORDERED.**

Dated:  Brooklyn, New York
        December 23, 2015

                                    _____/s/_____
                                    KIYO A. MATSUMOTO
                                    United States District Judge
                                    Eastern District of New York